### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| **MCSERGE VILSAINT and KERLINE VILSAINT, his wife,**<br><br>Plaintiffs,<br><br>-vs-<br><br>**KAROL P. MIKULSKI and K-TRANS, LLC,**<br><br>Defendants. | Civil No.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, DEMAND FOR PRODUCTION OF DOCUMENTS (FRCP 34), DEMAND FOR INSURANCE INFORMATION, DEMAND FOR INTERROGATORIES (FRCP 33)** |

Plaintiff McSerge Vilsaint and Kerline Vilsaint, his wife, residing at 154 Long Avenue, Hillside NJ 07205, state the following by way of Complaint and Jury Demand:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiffs McSerge Vilsaint and Kerline Vilsaint are citizens of the State of New Jersey and the United States.

2.  Defendant Karol P. Mikulski (hereafter "Mikulski") is the owner and operator of a tractor trailer owned by his company, K-Trans, LLC (hereafter "K-Trans"), both doing business at 10 Corral Court, East Stroudsburg PA 18302.

3.  Complete diversity of citizenship exists between the plaintiffs and the defendants and the damages in this matter exceed $75,000, exclusive of interest and costs. Accordingly, jurisdiction lies in the United States District Court for the District of New Jersey, pursuant to 28 USC §1332(a), and the U.S. Constitution, Art. III, §2.

4.  Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. §1391(b), because the events giving rise to this action occurred in this district.

## COUNT ONE

5.     Plaintiffs repeat the allegations of the previous Paragraphs as if same were set forth at length herein.

6.     On November 20, 2020, the plaintiff, McSerge Vilsaint, was the permissive operator of a commercial vehicle, owned by his employer, XPO Logistics Freight, Inc. (hereafter "XPO"), of Ann Arbor, MI, traveling on State Highway 24 westbound at or near milepost 4.0, Parsippany, NJ.

7.     At the aforementioned time and place, the plaintiff, Vilsaint, was in the course and scope of his employment with XPO and was lawfully parked in the right shoulder of the highway at the time of this accident.

8.     At the aforementioned time and place, the defendant, Mikulski, was the permissive operator of a commercial tractor trailer, owned by K-Trans, traveling westbound on State Highway 24, behind the Vilsaint vehicle.

9.     At the aforementioned time and place, the defendant Mikulski negligently and carelessly operated the K-Trans tractor trailer by failing to keep the vehicle under adequate control, without due caution and circumspection, so as to cause the Mikulski / K-Trans tractor trailer to strike plaintiff's tractor trailer in the rear.

10.    As a result of this collision, the New Jersey State Trooper at the crash scene cited the defendant Mikulski with careless driving pursuant to NJSA 39:4-97, issuing summons #1429-E20-004874.  On January 7, 2021, the defendant Mikulski entered a guilty plea to an amended violation, that is, NJSA 39:4-97.2, Unsafe Operation of his vehicle, without a civil reservation, making his guilty plea, an admission of liability.

11.    As a direct and proximate result of the aforesaid negligence of the defendants Mikulski and K-Trans, the latter pursuant to the doctrine of *respondeat superior*, the plaintiff

McSerge Vilsaint was painfully and permanently injured, incurred, and will incur, medical expenses in an effort to cure himself of his injuries, and was otherwise prevented from attending to his regular pursuits and duties.

**WHEREFORE**, plaintiff McSerge Vilsaint, demands judgment on this Count against the defendants Karol P. Mikulski and K-Trans, LLC, jointly, severally, and alternatively, for damages in the sum of $2,000,000, plus interest and costs of suit.

## COUNT TWO

12.   Plaintiff, Kerline Vilsaint, repeats and realleges each and every allegation of Count One as if fully set forth herein at length.

13.   Kerline Vilsaint, is, and at all times herein mentioned was, the wife of the plaintiff, McSerge Vilsaint.

14.   As a direct and proximate result of the negligence and carelessness of Mikulski and K-Trans, the plaintiff, Kerline Vilsaint, has sustained the loss of the services, society, and consortium of her husband, McSerge Vilsaint, from the date of the accident to the present, and will continue to do so for the future.

**WHEREFORE,** plaintiff, Kerline Vilsaint, demands judgment on this Count against the defendants Karol P. Mikulski and K-Trans, LLC, jointly, severally, and alternatively, for damages in the sum of $1,000,000, together with interest and costs of suit.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand a jury trial on all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Amos Gern, Esq. and Ana Rita Ferreira, Esq. as Trial Counsel.

**DEMAND FOR PRODUCTION OF DOCUMENTS (FRCP 34)**

**PLEASE TAKE NOTICE** that pursuant to FRCP 34, Plaintiffs demand the production for purposes of inspection and copying at the offices of Starr, Gern, Davison & Rubin, A Professional Corporation, 105 Eisenhower Parkway, Roseland, New Jersey 07068-1640, within 30 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint:

1. Any written statements which you, or your counsel, have in your possession, custody, or control in regard to this incident/accident.

2. Copies of any photographs, videotapes or other reproduction which you have in your possession, custody, or control which relate, in any manner, to the incident and the injuries which plaintiffs claim to have been sustained as a result of this incident/accident, or to property damage caused by this incident/accident.

3. A copy of all medical records regarding any treatment or consultation sought, or received, by Plaintiffs as a result of this incident/accident.

4. Any documents which you claim (a) supports the separate defenses set forth in your responsive pleading to Plaintiffs' Complaint and your answers to interrogatories or (b) rebuts the allegations set forth in Plaintiffs' Complaint or his/her answers to interrogatories.

5. All documentation regarding any compensation or reimbursement which you claim Plaintiffs received, or requested, as a result of this accident/incident.

6. A copy of, or a description by category or location of, all documents, dates of compilations, and tangible things in the possession, custody or control of Defendant that relate to the disputed facts alleged with particularity in the pleadings.

7.    A copy of all written reports prepared and signed by any person who may be used at trial under Federal Rules of Evidence 702, 703 or 705.

8.    Copies of all notes, records, and reports of all doctors, physiatrists, nurses, psychiatrists, psychologists, neuropsychologist, neurologist, or any other healthcare professional retained by Defendant for purposes of performing an examination and evaluation on the Plaintiffs.

9.    Any written statement which you or your counsel have in your possession regarding any of the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading, or with respect to any damages.

10.    All insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment pursuant to FRCP 26 (a)(1)(A)(iv).  Terms of the policy are also requested.

11.    Copies of all documents, not otherwise set forth, which were sent to or received from the Plaintiffs.

12.    Copies of all statements and other documents obtained by any person or entity which concern or relate to Plaintiffs' Complaint or any Defendant's answers, separate defense(s), or counterclaim.

13.    All documents which were filled out by or on behalf of Plaintiffs at the request of Defendant's expert, or his/her agents or employees.

14.    All documents considered by Defendant's expert in preparing his/her report or conducting an examination or evaluation.

15.    All diagrams, charts models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

16.     All police reports concerning any automobile accident involving any Defendant that occurred within one year (before and after) of the date of the incident(s) complained of in Plaintiffs' complaint.

17.     All books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon by any expert witness whom the party responding to this document demand intends to call at trial.

18.     All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any opinions, testimony or conclusions asserted by your experts.

19.     All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, publisher, date of publication, and edition.

20.     All transcripts of sworn testimony (including but not limited to depositions and testimony before any tribunal and/or court) given by an expert who may testify in this matter.

21.     All documents concerning all claims for bodily injury to Plaintiffs that are in the possession, custody, or control of Defendant or Defendant's attorney.

22.     All documents you have concerning any claim for bodily injuries made by Plaintiffs other than the incident concerning this lawsuit.

23.     Copies of all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

24.    All surveillance videos, reports, notes, memoranda, or other documents respecting

Plaintiffs.

25.    All hospital records and reports of doctors and medical records of any doctors who

treated Defendant, Karol P. Mikulski, for injuries sustained in the incident which forms

the basis of this suit.

26.    All statements in the possession of the Defendant or their insurance carrier provided by

eyewitnesses to the accident set forth in this Complaint.

27.    All written statements or transcripts of verbal statements given by Defendant in

connection with any property-damage claim asserted by or against Defendant, by any

individuals or companies, in connection with this incident.

28.    A true copy of all documents received by Defendant or their representative from

Commercial Index Bureau, Inc., relating to the Plaintiffs.

29.    A true copy of all letters sent by Defendant's insurance carrier representative or claims

adjuster or administrator to any physician requested to do any medical examination of the

Plaintiffs on behalf of Defendant in this action.

30.    All written statements or transcripts of verbal statements given by the Plaintiffs in

connection with the subject accident and/or claim, or regarding any prior or subsequent

claim, in the possession of Defendant, their attorneys, or their insurance carrier.


## DEMAND FOR ANSWERS TO INTERROGATORIES (FRCP 33)

**PLEASE TAKE NOTICE** that pursuant to FRCP 33, plaintiff demands answers to the

following interrogatories to be served on plaintiff's counsel, within 30 days after service of the

within pleadings:

1.     Describe the accident or occurrence in detail, setting forth the date, time, location, and any relevant weather conditions.

2.     If you intend to set up or plead or have set up or pleaded negligence or any other separate defense as to the plaintiff or if you have or intend to set up a counterclaim, cross-claim, or third-party action, (a) state the facts upon which you intend to predicate such defenses, counterclaim, cross-claim, or third party action; and (b) identify a copy of every document relating to such facts.

3.     State the names and addresses of all persons who have knowledge of any relevant facts relating to the case.

4.     State (a) the name and address of any person who has made a statement regarding this lawsuit; (b) whether the statement was oral or in writing; (c) the date the statement was made; (d) the name and address of the person to whom the statement was made; (e) the name and address of each person present when the statement was made; and (f) the name and address of each person who has knowledge of the statement. Unless subject to a claim of privilege, which must be specified: (g) attach a copy of the statement, if it is in writing; (h) if the statement was oral, state whether a recording was made and, if so, set forth the nature of the recording and the name and address of the person who has custody of it; and (i) if the statement was oral and no recording was made, provide a detailed summary of its contents.

5.     If you claim that the plaintiff made any statements or admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

6.      If you contend that the plaintiff's damages were caused or contributed to by the negligence of any other person, set forth the name and address of the other person and the facts upon which you will rely in establishing that negligence.

7.      State the names and addresses of all eyewitnesses to the accident or occurrence, their relationship to you and their interest in this lawsuit.

8.      If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present; and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

9.      State the names and addresses of all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses. With respect to all expert witnesses, including treating physicians, who are expected to testify at trial, and with respect to any person who has conducted an examination pursuant to FRCP 26, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you. State the subject matter on which your experts are expected to testify. State the substance of the facts and opinions to which your experts are expected to testify and provide a summary of the factual grounds for each opinion.

10.     If you contend or intend to contend at the time of trial that the plaintiff sustained personal injuries in any prior or subsequent accident, state: (a) the date of said accident; (b) the

injuries you contend that plaintiff sustained; (c) the parties involved in said accident; (d) the source from which you obtained the information; and (e) attach a copy of any written documents regarding this information.

11.     Enumerate specifically, all of the things you contend the party serving these interrogatories did which should not have been done.

12.     If you contend that any document or item of potential evidence produced in this action is not properly authenticated or identified within the meaning of applicable evidence rules, or otherwise dispute its admissibility into evidence, set forth all facts relevant to your contention.

13.     Specify where you were coming from and where you intended to go at the time of the accident (give the name and exact street address of each location).

14      State whether you consumed any drugs, medication or alcoholic beverages in the 24 hours before the accident, specifying the kind, amount and place where consumed.

15.     Describe your path of travel, including your speed, during the last 500 feet of travel immediately before the point of impact.

16.     If this defendant(s) contends in any way that the injuries claimed by plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant(s) will rely in support of said contention.  Annex hereto copies of any and all medical records or other documents upon which defendant(s) will rely in support of said contention.

17.     If this defendant(s) contends that plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state:

a.      The date of any and all said injuries; and

b.      The nature of any said injuries.

18. With regard to any property damage sustained by any vehicle in connection with this incident, attach any appraisal reports, damage photographs, and repair invoices generated in connection with this accident.

19. State whether or not you owned, possessed or utilized a cellular phone, car phone, pager, or Personal Digital Assistant (PDA) on the date of the accident.  If so, please state the name and address of the telephone company billing you for the use of each said phone/pager/PDA on the date of the accident; the specific types of phone/pager/PDA and corresponding phone numbers; and attach hereto a copy of all billing statements for all calls made or received on each phone/pager/PDA on the day of the subject accident.

20. State whether you wear, need to wear and/or are required to wear any type of corrective lenses at the time of the accident, provide the type of corrective lenses you wear, whether you are nearsighted or farsighted, what level of strength your eyesight was measured as of the day of the accident, and the names and addresses of all optometrists, ophthalmologists, eye surgeries, and other physicians seen over the past 5 years with regard to the care of your eyes.

21. If the defendants dispute the necessity of any medical care provided to the plaintiff, or the reasonableness of the charges for that medical care, set forth all facts relevant to this disputed contention.

## DEMAND FOR INSURANCE INFORMATION

Please provide all insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to

satisfy judgment pursuant to FRCP 26(a)(1)(A)(iv).  Terms of the policy are also requested.

STARR, GERN, DAVISON & RUBIN, PC

By:   s/s *Amos Gern*

DATED:        October 19, 2022                    AMOS GERN, ESQ.

STARR, GERN, DAVISON & RUBIN, P.C.
105 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-9200
(973) 226-0031
agern@starrgern.com
Attorneys for Plaintiffs, McSerge Vilsaint
and Kerline Vilsaint

October 19, 2022 (3:10 PM) W:\Donna U-Z\Vilsaint\Vilsaint, Mcserge (PI) 80133-002\Complaint - Federal Court.docx